# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) Chapter 7 |
| AKORN HOLDING COMPANY, LLC, .et al., | ) |
| | ) Case No. 23-10253 (KBO) |
| Debtors. | ) |
| _____ | ) (Jointly Administered) |
| | ) |
| George L. Miller, solely in his capacity | ) |
| as the Chapter 7 Trustee of the estates of | ) |
| Akorn Holding Company, LLC *et al.*, | ) Adversary Proceeding No. 25-50129 (KBO) |
| | ) |
| Plaintiff, | ) |
| | ) JURY TRIAL DEMANDED |
| vs. | ) |
| | ) |
| COLBERT PACKAGING CORPORATION, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

### DEFENDANT, COLBERT PACKAGING CORPORATION'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502

Colbert Packaging Corporation ("Defendant"), through its undersigned counsel, files the following Answer to Complaint For Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §§ 547, 548, and 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502 (the "Complaint"), averring as follows:

### NATURE OF THE CASE

1. The Defendant submits that no response is required to the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

2. The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

### JURISDICTION AND VENUE

3. The averments in paragraph 3 are admitted.

4. The averments in paragraph 4 are admitted.

5. Defendant submits that no response is required to the averments in paragraph 5. To the extent a response is required, the averments in paragraph 5 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

6. The averments in paragraph 6 are admitted.

7. The averments in paragraph 7 are admitted.

8. The averments in paragraph 8 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 8 are denied.

## THE PARTIES

9. The averments in paragraph 9 are admitted.

10. The averments in paragraph 10 are admitted.

11. The Defendant is without sufficient information to admit or deny the averments in paragraph 11. To the extent a response is required, the averments in paragraph 11 are denied.

## BACKGROUND

12. The Defendant is without sufficient information to admit or deny the averments in paragraph 12. To the extent a response is required, the averments in paragraph 12 are denied.

13. The Defendant is without sufficient information to admit or deny the averments in paragraph 13. To the extent a response is required, the averments in paragraph 13 are denied.

14. The Defendant is without sufficient information to admit or deny the averments in paragraph 14. To the extent a response is required, the averments in paragraph 14 are denied.

15. The Defendant is without sufficient information to admit or deny the averments in paragraph 15. To the extent a response is required, the averments in paragraph 15 are denied.

16. The Defendant is without sufficient information to admit or deny the averments in paragraph 16. To the extent a response is required, the averments in paragraph 16 are denied.

17. The Defendant is without sufficient information to admit or deny the averments in paragraph 17. To the extent a response is required, the averments in paragraph 17 are denied.

18. The Defendant is without sufficient information to admit or deny the averments in paragraph 18. To the extent a response is required, the averments in paragraph 18 are denied.

19. The Defendant is without sufficient information to admit or deny the averments in paragraph 19. To the extent a response is required, the averments in paragraph 19 are denied.

20. The Defendant is without sufficient information to admit or deny the averments in paragraph 20. To the extent a response is required, the averments in paragraph 20 are denied.

21. The Defendant is without sufficient information to admit or deny the averments in paragraph 21. To the extent a response is required, the averments in paragraph 21 are denied.

22. The Defendant is without sufficient information to admit or deny the averments in paragraph 22. To the extent a response is required, the averments in paragraph 22 are denied.

23. The Defendant is without sufficient information to admit or deny the averments in paragraph 23. To the extent a response is required, the averments in paragraph 23 are denied.

24. The Defendant is without sufficient information to admit or deny the averments in paragraph 24. To the extent a response is required, the averments in paragraph 24 are denied.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**(Avoidance of Preference Period Transfers - 11 U.S.C. § 547)**

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. The averments in paragraph 26 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 26 are denied.

27. The averments in paragraph 27 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 27 are denied.

28. The averments in paragraph 28 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 28 are denied.

29. The averments in paragraph 29 constitute a conclusion of law to which no response is

required. To the extent a response is required, the averments in paragraph 29 are denied.

30. The averments in paragraph 30 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 30 are denied.

31. The averments in paragraph 31 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 31 are denied.

32. The averments in paragraph 32 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 32 are denied.

33. The averments in paragraph 33 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 33 are denied.

34. The averments in paragraph 34 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 34 are denied.

35. The averments in paragraph 35 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 35 are denied.

## COUNT II
### (Fraudulent Transfers - 11 U.S.C. § 548(a)(1)(B))

36. Paragraphs 1 through 35 are incorporated herein by reference.

37. The averments in paragraph 37 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 37 are denied.

38. The averments in paragraph 38 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 38 are denied.

## COUNT III
### (Recovery of Avoided Transfers - 11 U.S.C. § 550)

39. Paragraphs 1 through 38 are incorporated herein by reference.

40. The averments in paragraph 40 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 40 are denied.

41. The averments in paragraph 41 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 41 are denied.

42. The averments in paragraph 42 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 42 are denied.

## COUNT IV
### (Disallowance of all Claims - 11 U.S.C. § 502(d))

43. Paragraphs 1 through 42 are incorporated herein by reference.

44. The averments in paragraph 44 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 44 are denied.

45. The averments in paragraph 45 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 45 are denied.

46. The averments in paragraph 46 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 46 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

47. Paragraphs 1 through 46 are incorporated herein by reference.

48. Plaintiff fails to state a claim upon which relief can be granted.

49. All elements of a *prima facie* case under §§ 547, 548, 550 and 502(d) and (j) are not met.

50. At all relevant times, the Debtors were solvent.

51. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

52. To the extent established in discovery, the process issued is insufficient.

53. To the extent established in discovery, the service of process is insufficient.

WHEREFORE, the Defendant requests that this case be dismissed.

                                                     Respectfully submitted,

                                                     CAROTHERS & HAUSWIRTH LLP

Dated: July 17, 2025                    By: */s/ Gregory W. Hauswirth*
                                                   Gregory W. Hauswirth (DE Bar No.5679)
                                                   Patrick W. Carothers (PA Bar No. 85721)
                                                   1007 North Orange Street, 4th Floor
                                                   Wilmington, DE 19801
                                                   Telephone: 302.332.7181
                                                   Facsimile: 412.227.5551
                                                   ghauswirth@ch-legal.com

                                                   *Attorneys for Defendant*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 7 |
| AKORN HOLDING COMPANY, LLC, .et al., ) | |
| ) | Case No. 23-10253 (KBO) |
| Debtors. ) | |
| _____ ) | (Jointly Administered) |
| ) | |
| George L. Miller, solely in his capacity ) | |
| as the Chapter 7 Trustee of the estates of ) | |
| Akorn Holding Company, LLC *et al.*, ) | Adversary Proceeding No. 25-50129 (KBO) |
| ) | |
| Plaintiff, ) | |
| ) | JURY TRIAL DEMANDED |
| vs. ) | |
| ) | |
| COLBERT PACKAGING CORPORATION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 17th day of July, 2025, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Evan T. Miller
Paige N. Topper
SAUL EWING LLP
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
evan.miller@saul.com
paige.topper@saul.com
(*Special Counsel to Plaintiff*)

/s/ Gregory W. Hauswirth